EDENFIELD, District Judge, specially
concurring:
I concur in today’s decision with some reluctance, simply because I find merit in *1248 the Seventh, Eighth, and Ninth circuits’ interpretation of 18 U.S.C. § 4243(f). Those circuits have given effect to every word of the statute, namely that § 4243(f) directs the district court to “order, as an explicit condition of release, that [the conditionally discharged person] comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment.” 18 U.S.C. § 4243(f)(2)(B) (emphasis added). The majority discounts the use of an indefinite article as the drafter’s means to avoid “ungainly construction.” I remain unpersuaded and believe that a textual interpretation of § 4243(f) would have us side with our sister circuits. However, looking beyond the statute to the legislative history, as the majority has done today, I agree that Congress intended for compliance with a regimen of treatment to be the only condition placed upon a conditionally discharged person, even if that intention was not clearly conveyed in § 4243(f).
While district courts in this circuit are now precluded from imposing supplemental conditions of release on persons discharged pursuant to § 4243(f), this change may not be as profound as it seems. This decision does not divest the courts of their statutory responsibility to ensure that a clinical patient’s continued release is safe. Section 4243(g) empowers the courts to order the arrest of a conditionally discharged person upon “probable cause to believe that the [acquittee] has failed to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment.”[1] 18 U.S.C. § 4243(g). Moreover, § 4243(f), as the majority notes, permits courts to “modify ... the regimen of ... treatment.” 18 U.S.C. § 4243(f). District courts in this circuit must not hesitate to use this authority should an acquittee who may have otherwise complied with his prescribed regimen of treatment nonetheless become a threat to others.

. Certain malfeasances by persons discharged under § 4243(f) — for instance, the writing and mailing of letters threatening the murder of young girls — could indeed provide the probable cause needed to order a person arrested.